A. D. Downs v. Union Pacific Railway Co., E. D.

*Error from Wyandotte County.*

In an action for labor done, brought against a railroad company, under an answer alleging that the work was performed, not for the company, but for the contractor, *held* that the contract between the company and the general contractor was admissible evidence; no error was committed in admitting it.

Plaintiff in error brought action in the district court of Wyandotte county, against defendant in error, to recover moneys alleged to have been lent to and used by them in constructing their road. Receipts for the money, introduced in evidence, were signed—a part of them, J. L. Hallett, per Convers, and a part of them Sam'l Hallett, per Convers. The answer of defendants consisted of a general denial of every allegation of the petition, except the execution of the receipts, copies of which were attached to the petition. A jury was waived. The evidence on the part of plaintiff in error indicated that the money was received as expressed in the receipts, and used in the construction of the road; that Convers, who did the business, was employed in the railroad office, and that S. Hallett was general manager of the road.

Defendants in error, on the trial, introduced evidence tending to show that Convers was agent of the Halletts, and offered in evidence a contract between the railroad company and S. Hallett, whereby the latter became the general contractor for constructing the road. The evidence was admitted by the court under

exceptions of plaintiff in error.   Judgment was rendered against plaintiff in error for costs.

*Jesse Cooper*, for plaintiff in error.

*J. K. Hale*, for defendants in error.

*Cooper*, for plaintiff, submitted :

1.  The receipts given by Convers are subject to parol explanation.   (2 *Starkey Ev.*, 1271.)   It was competent, then, to show that the money was loaned to the company.

2.  The contract between the defendants and Hallett was inadmissible under the pleadings.   At most, it could only show that some one else besides defendants was liable, rather than to show that they were not.   Under the pleadings, it cannot be said that the plaintiff should have been prepared to meet such evidence as this contract.   It established a fact foreign to and independent of the case.  It is no bar to plaintiff's action.

3.  The money was loaned to defendants, and on their credit, through their authorized agent.   They hold the charter; the construction was for their benefit, and at their request and expense.

*Hale*, for defendants, submitted :

1.  The defendants in error, being a corporation, can do no act but in accordance with the provisions of its charter; and the expression of a power to act in a particular way excludes the inference of a power to act in any other.   *Farmers' Loan and Trust Co.* v. *Car-*

*rol*, 5 *Barb.*, 613 ; *Angel & Ames on Corp.*, §§ 111, 291, 259, 271 ; *Noys's Maxims*, "*Expressium facit cessare tacitum ;*" 5 *Wis.*, 173 ; 33 *Pa.*, 33 ; *Pierce* v. *Madison and Ind. R. R. Co.*, 21 *How.*, 491 ; *Redfield on Railways*, 37, 422.

2. This charter only permits it to contract loans with the state or the United States. The way for procuring means for construction is definitely fixed. (*Act Incorp.*, §§ 20, 1, 6, 15, 291 ; *Farmers' Loan and Trust Co.* v. *Carrol*, 5 *Barb.*, 613 ; *Angel & Ames on Corp.*, § 265 ; *Root* v. *Goddard*, 3 *McLean*, 102 ; 3 *Wend.*, 583 ; *Hoyt* v. *Thompson*, 19 *N. Y.*, 207.)  Hence the loan in question is void.  *Disp. Line Packets* v. *Bellamy Mfg. Co.*, 12 *N. H. R.*, 223 ; 7 *N. H. R.*, 304 ; *Life and Fire Ins. Co.* v. *Mechanics' Fire Ins. Co.*, 7 *Wend.*, 31 ; *Angel & Ames on Corp.*, §§ 111, 297 ; *Farmers' Loan and Trust Co.* v. *Carrol*, 5 *Barb.*, 613 ; *Penobscot B. Co.* v. *Lamson*, 16 *Me.*, 224 ; *Beaty* v. *Knowler*, 4 *Pet.*, 162 ; 5 *Seld.*, 444 ; 21 *Pa.*, 9 ; 27 *id.*, 339 ; 3 *Hill*, 279 ; 5 *Boswth.*, 275.

3. It follows that Samuel Hallett, neither as contractor nor as general manager, had authority to bind the company by an individual loan of money, in its name, as the corporation could not do it, nor its board of directors.  Neither could the company or board of directors ratify such a loan, if indeed made.  41 *Barb.*, 575 ; *Angel & Ames on Corp.*, §§ 231, 297 ; *Life and Fire Ins. Co.* v. *Mechanics' Fire Ins. Co.*, 7 *Wend.*, 31 ; *Martin* v. *Gt. Falls Mfg. Co.*, 9 *N. H.*, 51.

4. Hallett was not an agent of the defendants in error ; he never received an appointment as such.  The charter provides for the election of agents, and other employees of the company, by the board of directors. He was a contractor merely.  The money in question

was loaned to him as such, as it was used in the work of construction. In the appointment of agents the provisions of the charter must be strictly preserved. *Angel & Ames on Corp.*, §277 ; 15 *Wend.*, 256; 2 *Duer*, 341 ; 13 *N. H.*, 532 ; 26 *Wend.*, 485 ; 40 *Maine*, 425 ; 6 *Paige*, 497.

5. It is conceded that one assuming to act as the agent of a corporation without authority, may have his acts subsequently ratified so as to bind the company, as in the ordinary case of an individual. This ratification, however, must comprise a majority or quorum of the directors, as a minority cannot bind the company. It must be a corporate act. *Angel & Ames on Corp.*, §§ 304, 291, 499, 501 ; *White* v. *The Westport C'ns. Co.*, 1 *Pick.*, 220 ; *Flechner* v. *Bank U. S.*, 8 *Wheaton*, 363; 5 *Curtis*, 446 ; *Hayden* v. *Middlesex Turnpike Corp.*, 10 *Miss.*, 403 ; *Cumberland Coal Co.* v. *Sherman*, 30 *Barb.*, 553, 557 ; *Barcus* v. *H. Co. & Paris Plank Road Co.*, 26 *Mo.*, 102 ; *Prop. of the Canal Bridge Co.* v. *Gordon*, 1 *Pick.*, 304 ; *Angel & Ames on Corporations*, § 239 ; 33 *N. Y.*, 648.

6. Boards of directors, managers, &c., are agents of the corporation, only so far as authorized, directly or impliedly, by the charter. *Angel & Ames on Corp.*, §§ 280, 283 ; *Clark* v. *Farmers' Man. Co.*, 256 ; *Litchfield Iron Co.* v. *Bennett et al.*, 7 *Conn.*, 234 ; *Methodist Ch. Corp.* v. *Herrick*, 25 *Me.*, 354 ; *Havin* v. *N. H. Asylum for the Insane*, 13 *N. H.*, 532 ; 6 *Pick.*, 6 ; 5 *Wheaton*, 424 ; 3 *Johns. Rep.*, 226 ; 10 *id.*, 154 ; 10 *Pick.*, 326 ; *Sapa* v. *Buffalo & Roc. R. R. Co.*, 19 *Barb.*; *Redfield on Railways*, § 168, *and authorities cited.*

7. The liability of the defendant in error was a mere question of fact from the evidence offered by the

parties, and the finding of the court is conclusive, even were it against the weight of evidence. *Bayer* v. *Cockrill*, 3 *Kansas*, 37; *Major* v. *Major*, 2 *Kansas*, 337; *Gilbert* v. *Lace*, 11 *Barb.*, 92, 633; 1 *Sand.*, 457; 2 *Kansas*, 416.

*By the Court,* BAILEY, J.

There is but a single point in this case calling for judicial animadversion, namely, as to the admissibility of the written contract between the railway company and Samuel Hallett & Co., against the objection of the plaintiff below, who is now plaintiff in error.

The contract tended to show that the work and labor done, and the material and money furnished by plaintiff, as alleged, were done and furnished for Hallett & Co., the contractors, and not for the defendant corporation.

Though not conclusive on the point, it certainly was competent evidence for that purpose, to go before the jury, and we think the court did not err in admitting it.

It tended directly to rebut the allegations in the plaintiff's petition, and was, therefore, clearly admissible under the general denial.

The judgment of the court below is, therefore, affirmed.

All the justices concurring.